

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,887-01

### EX PARTE DARREN BROOKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W20-00586-V(A) IN THE 292ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to engaging in organized criminal activity and was sentenced to twenty-five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant was charged by indictment for the offense of engaging in organized criminal activity, with the most serious underlying offense being aggravated robbery, a first degree felony. Pursuant to Section 71.02(b) of the Texas Penal Code, the offense of engaging in organized criminal activity is one degree higher than the most serious underlying offense. If the most serious underlying offense is a first degree felony, the punishment range for the engaging in organized criminal activity

is 15 to 99 years' or life imprisonment, pursuant to Section 71.02(b)(3). In this case, the indictment also alleged a single prior felony conviction for purposes of punishment enhancement. However, there is no specific statute authorizing further punishment enhancement for a first degree felony with a 15-year minimum sentence. Applicant was admonished as to the punishment range for a habitual felony under Section 12.42(d) of the Texas Penal Code, and the judgment of conviction indicates that Applicant pleaded true to and the trial court found true two prior felony enhancement paragraphs.

Applicant alleges, among other things, that his plea was involuntary and that his trial counsel was ineffective for failing to accurately advise Applicant of the punishment range, and for failing to object to Applicant being admonished as to the punishment range for and sentenced for a habitual felony. Applicant alleges that he only had one prior felony conviction at the time of this offense, and that he was never provided with notice of the State's intent to further enhance his punishment in this case. Applicant alleges that his trial counsel was ineffective for failing to object to the habitual felony enhancement, and that his plea was rendered involuntary by the increase in the minimum punishment range without notice to Applicant.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and the trial prosecutor to respond to Applicant's claims. Specifically, trial counsel shall state what advice, if any, he gave to Applicant regarding the punishment range applicable to the offense as charged in the indictment. Trial counsel shall state whether he investigated Applicant's criminal history, and whether the State provided notice of its intent to seek further enhancement of punishment using a prior conviction not alleged

in the indictment. If Applicant did not have any prior felony convictions other than the one alleged in the indictment, trial counsel shall state why he did not object to the plea admonishments indicating that Applicant was pleading guilty to a habitual felony with a punishment range of 25-99 years' or life imprisonment. Trial counsel shall state whether he believes that Applicant would still have pleaded guilty in exchange for a 25-year sentence if he had been admonished that the punishment range was 15-99 years' or life imprisonment.

The trial prosecutor should also submit an affidavit stating what he believed was the applicable punishment range for the offense charged, and what the statutory basis was for such belief. The trial prosecutor shall state what plea offers were extended to Applicant, and the dates of any such offers. The trial prosecutor shall state whether, had he known that the minimum punishment for the offense as charged was 15 years rather than 25 years, he would have extended an offer of less than 25 years' imprisonment in exchange for Applicant's plea of guilty.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make findings as to whether Applicant's plea in exchange for a 25-year sentence was knowingly and voluntarily entered. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 27, 2022
Do not publish